IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRYCJA CLARK             PLAINTIFF

VERSUS             NO. 1:18CV73-DMB-DAS

ADAM LEE CLARK,
BRAD VAUGHN, In His Individual Capacity, AND
BRIAN PYRON, In His Individual Capacity             DEFENDANTS

JURY TRIAL DEMANDED

## COMPLAINT

This is a civil action to recover damages arising from the defendants' violations of the plaintiff's Fourth Amendment and Fourteenth Amendment rights and for their conspiracy to violate those rights made actionable pursuant to 42 U.S.C. § 1983. The following averments support this civil action:

### PARTIES

1. The plaintiff, PATRYCJA CLARK, is an adult resident citizen of Brookings, South Dakota.

2. The defendant, ADAM LEE CLARK, is an adult resident citizen of 234 Clark Circle, West Point, Mississippi 39773. He may be served with process by service of a Summons and Complaint upon him at his residence: 234 Clark Circle, West Point, Mississippi 39773.

3. The defendant, BRAD VAUGHN, is, based upon information and belief, an

adult resident citizen of Choctaw County, Mississippi. He may be served with process by service of a Complaint and Summons upon him at his place of employment: 122 Jail House Road, Ackerman, Mississippi 39735.

4. The defendant, BRIAN PYRON, is, based upon information and belief, an adult resident citizen of Choctaw County, Mississippi. He may be served with process by service of a Complaint and Summons upon him at his place of employment: 122 Jail House Road, Ackerman, Mississippi 39735.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343(a)(3) (Civil Rights).

6. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. § 1391, since substantial part of the events and omissions giving rise to claim occurred in this judicial district.

## CAUSE OF ACTION

7. Patrycja Clark and the Defendant Clark married on July 7, 2012 and one child was born of their union.

8. In approximately December 2013, Ms. Clark and the Defendant Clark separated.

9. Ms. Clark and the Defendant Clark each kept the automobile they were

driving and assumed the responsibility to pay for the automobile in their possession.

10. After their separation, Ms. Clark resided in Starkville, Mississippi while the Defendant Clark resided in Ackerman, Mississippi, with his parents, until moving in with a girlfriend, in October 2014.

11. In November 2014, the Defendant Clark wrecked his truck in a single-vehicle collision.

12. Afterwards, the Defendant Clark demanded that Ms. Clark give him the Jeep she was paying for. When Ms. Clark refused, the Defendant Clark threatened to steal it and told her that he was going to get her Jeep one way or another.

13. In April 2015, Ms. Clark filed for divorce from the Defendant Clark. The Defendant Clark was served with a summons and the complaint for divorce, on April 15, 2015.

14. From the time of their separation, in December 2013, until April 15, 2015, the Defendant Clark's parents babysat her daughter, on the days that Ms. Clark worked.

15. Due to the pending divorce, Ms. Clark secured the services of a new babysitter on April 15, 2015.

16. Afterwards the Defendant Clark and his parents asked if they could come to Ms. Clark's house and visit her daughter. Ms. Clark agreed to their request and a visit was scheduled for April 19, 2015.

17. On April 19, 2015, in anticipation of the visit, Ms. Clark prepared dinner for the Defendant Clark and his parents.

18. After dinner, while Ms. Clark was otherwise engaged, the Defendant Clark and his parents took her daughter from her home without her consent and returned to Ackerman.

19. Distraught, Ms. Clark demanded the Defendant Clark and his parents return her daughter but the Defendant Clark refused and her child remained in Ackerman, with his parents.

20. Desperate to see her daughter, Ms. Clark accepted an invitation from the Defendant Clark and his parents to see her daughter at a designated location and at a designated time, in Ackerman, on April 22, 2015.

21. Determined to see her daughter, Ms. Clark got off work and met with her friend Tabitha Hill. Ms. Hill agreed to drive Ms. Clark to Ackerman, in Ms. Clark's jeep.

22. Unbeknownst to Ms. Clark, the Defendant Clark, acting in concert with the Defendant Vaughn, and the Defendant Pyron, both deputy sheriffs employed by the Choctaw County Sheriff's Department, conspired to violate Ms. Clark's constitutional rights by arranging for her false arrest and depriving her of her property without due process of law.

23. The Defendant Clark provided a description of Ms. Clark's Jeep to the Defendant Vaughn and/or the Defendant Pyron and informed them of the location and time that Ms. Clark was supposed to meet with his parents to see their daughter.

24. The Defendant Vaughn and/or the Defendant Pyron, acting in concert and on behalf of the Defendant Clark, lay in wait for Ms. Clark near the meeting location in order to falsely arrest her and dispossess her of her Jeep without due process of law.

25. As Ms. Hill and Ms. Clark approached the location of the meeting with her daughter, they observed a Choctaw County Sheriff's Department patrol car waiting for them.

26. The Defendant Vaughn immediately initiated and conducted a traffic stop at the location where Ms. Clark was supposed to meet her daughter.

27. Almost immediately after the Defendant Vaughn initiated the traffic stop, other Choctaw County patrol cars arrived at the scene, including one driven by the Defendant Pyron.

28. The Defendant Vaughn questioned Ms. Hill and Ms. Clark regarding their identities and told Ms. Hill that he was citing her for numerous traffic offenses.

29. Meanwhile, despite being a passenger in her own Jeep and having committed no offense, the Defendant Pyron ordered Ms. Clark out of the Jeep, arrested her, handcuffed her, and placed her in his patrol car.

5

30. No arguable probable cause existed for the arrest of Ms. Clark, as she was a passenger in a Jeep she lawfully owned and had committed no offense.

31. After Ms. Clark was placed in the Defendant Pyron's patrol car, the Defendant Vaughn ordered Ms. Hill to drive Ms. Clark's Jeep to the Choctaw County Sheriff's Department, while he followed her.

32. The Defendant Clark's parent's never arrived at the agreed-upon meeting place and never called Ms. Clark to inquire where she was because the meeting was a subterfuge to lure Ms. Clark to Choctaw County, through the use of her own daughter.

33. Once Ms. Hill and Ms. Clark arrived at the Choctaw County Sheriff's Department, the Defendant Vaughn dispossessed Ms. Hill of the keys to Ms. Clark's Jeep. Ms. Clark was brought inside the jail and detained in a room with no outside view of the jail.

34. After dispossessing Ms. Hill of the keys to Ms. Clark's jeep, the Defendant Vaughn then handed the keys over to a grinning. The Defendant Clark then drove away with Ms. Clark's Jeep and her personal effects.

35. After the Defendant Clark made away with Ms. Clark's Jeep and almost all of her personal effects, a detained Ms. Clark was only given back the keys to her house and her mobile phone.

36. Ms. Clark was then informed that she was free to go but would need to find

6

her own way back home to Starkville from Ackerman.

37. Suffering from the taking of her child and the dispossession of her property, Ms. Clark sought temporary relief through the underlying divorce action.

38. The Chancery Court of Oktibbeha County ultimately ordered that the Defendant Clark restore custody of their child to Ms. Clark and return her Jeep to her.

39. Ms. Clark was deprived of the use of her property from the time it was taken by the defendants on April 22, 2015 until May 29, 2015.

40. At all times relevant to this civil action, the Defendant Clark acted jointly and with a common purpose with state actors to arrest Ms. Clark without probable cause and deprive her of her property without affording any due process of law.

41. At all times relevant to this civil action, the Defendant Vaughn and the Defendant Pyron acted under color of state law.

43. At all times relevant to this civil action, the defendants acted with reckless disregard towards Ms. Clark's federally protected rights.

Claim 1 - Fourth Amendment False Arrest

44. The defendants are liable to Ms. Clark for causing her to be arrested and for arresting and detaining her without arguable or any probable cause.

45. As a direct and proximate result of the defendants' violation of Ms. Clark's clearly established Fourth Amendment right to be free from arrest without probable

cause, Ms. Clark suffered economic and non-economic injury.

### Claim 2 - Fourteenth Amendment Deprivation of Property Without Due Process

46. The Defendants are liable to Ms. Clark for depriving her of her Jeep and personal property without due process of law.

47. As a direct and proximate result of the defendants' violation of Ms. Clark's clearly established Fourteenth Amendment right to be free from a deprivation of property without due process of law, Ms. Clark suffered economic and non-economic injury.

### Claim 3 - Conspiracy to Violate Civil Rights

48. The Defendants are liable to Ms. Clark for conspiring to violate her civil rights by causing her to be arrested without probable cause and have her property taken from her without due process of law.

49. As a direct and proximate result of the defendants' conspiracy to violate her civil rights Ms. Clark suffered economic and non-economic injury.

WHEREFORE, PREMISES CONSIDERED, Ms. Clark prays for actual, compensatory, and punitive damages against all defendants, in an amount to be determined by the trier of fact; for a reasonable attorney's fee pursuant to 42 U.S.C. § 1988, for all allowable costs of this civil action, and for any and all other relief to which Ms. Clark is by law or in equity entitled.

Respectfully submitted, this the 23rd day of April, 2018.

/s/ Victor Israel Fleitas

VICTOR I. FLEITAS
MS BAR NO. 10259

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, MS 38804
662.840.0270 / Telephone
662.840.1047 / Facsimile
fleitasv@bellsouth.net / E-mail

Attorney for Patrycja Clark